**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **RONALD K. WATKINS**, |
| Plaintiff, |
| v. |
| **VEDELL NEE HEASTIE-GRAHAM**, |
| Defendant. |

Case No. 1:26-cv-301 (TNM)

## <u>MEMORANDUM OPINION</u>

Pro se plaintiff Ronald Watkins sues over a car accident that occurred in November 2025. Compl. ¶ 5, ECF No.1.  In his telling, Vedell Nee Heastie-Graham negligently made an illegal turn and crashed into Watkins' car.  *Id.* ¶ 6.  The crash allegedly caused Watkins several physical and emotional injuries.  *Id.*  So he turned to this Court.  Watkins sues Heastie-Graham for $550,000 in damages.  *Id.* ¶ 9.  But Watkins has not met his obligation to establish this Court's jurisdiction.  The Court will accordingly dismiss his Complaint without prejudice.

"If the [district] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A party seeking relief from this Court must plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a). Should it not, this Court may dismiss his complaint "*sua sponte* prior to service on the defendants" if "it is evident that the court lacks subject matter-jurisdiction."  *Evans v. Suter,* No. 09–5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010); *see also Hurt v. U.S. Court of Appeals for the D.C. Cir.*, 264 F.App'x. 1, 1 (D.C. Cir. 2008); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.,* 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an

opportunity to respond when a court contemplates dismissing a claim on the merits . . . it is not so when the dismissal is for lack of subject matter jurisdiction.").

That said, the Court must construe a pro se complaint liberally, keeping in mind that complaints filed by pro se litigants are held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But even pro se litigants must meet the minimum pleading standards required by the Federal Rules and the Constitution. *See Yellen v. U.S. Bank, Nat'l Ass'n*, 301 F. Supp. 3d 43, 47 (D.D.C. 2018). That includes rules for alleging subject matter jurisdiction. *Stoller v. United States*, 216 F. Supp. 3d 171, 174 (D.D.C. 2016); *see also Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681–82 (D.C. Cir. 2009).

Watkin's Complaint falls short of these requirements. In a section of his Complaint establishing the "[b]asis for [j]urisdiction" as "[d]iversity," he states that he is a "citizen" of Maryland, and he states that Heastie-Graham is also a "citizen" of Maryland. Compl. at 3. Later, he again alleges that he "is a resident of the State of Maryland" and that Defendant "is a resident of the State" of "Maryland." *Id.* ¶ 1–2. These allegations pose a problem for Watkins because diversity jurisdiction requires the parties be "citizens of different States." 28 U.S.C. § 1332(a).

And while the car accident prompting his lawsuit occurred in Washington, D.C., that plays no role in diversity jurisdiction, which focuses only on the parties' domicile. *Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984). Diversity jurisdiction thus lacks. *See* 28 U.S.C. § 1332(a).

Watkins provides no hook for federal question jurisdiction either. His Complaint sounds in state tort law claims. He claims Heastie-Graham drove into his car and faults him for "negligence and carelessness" that injured Watkins. Compl. ¶¶ 5–6, 8. He points to the

2

"medical costs and expenses" he will incur as a result. *Id.* ¶ 8. And while he lists a smattering of federal laws at the top of his Complaint, *see id.* at 3 (listing the Federal Arbitration Act, the Fifth Amendment, the Fourteenth Amendment, 28 U.S.C. § 1738, and 28 U.S.C. § 2202), he provides no "short and plain statement" making out any those claims. Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). From the face of his Complaint, one gleans only his negligence claim. Nothing in it leaves the Defendant able to prepare a responsive answer or mount an adequate defense to any federal law claim—let alone several—if Watkins is in fact pursuing those claims instead of his negligence claim. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977) (explaining that the purpose of Rule 8 is to give defendants fair notice of a plaintiff's claims so they made properly respond). Watkins thus has not presented a federal question suitable for this Court's decision.

Put simply, Watkins fails to establish this Court's jurisdiction. The Court accordingly will dismiss his Complaint without prejudice. A separate order accompanies this opinion.

Dated: March 19, 2026

TREVOR N. McFADDEN
United States District Judge

3